IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS<br>516 Alto Street<br>Santa Fe, New Mexico 87501<br><br>  Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>  Defendant. | Case No. 1:17-cv-2754 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant United States Bureau of Land Management ("BLM") has wrongfully withheld records responsive to two requests made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq*.

2. In its first FOIA request, Guardians sought records relating to a September 21, 2017, invitation-only conference ("Conference") organized by the BLM. On October 5, 2017, the *Washington Post* reported that the BLM organized the Conference to discuss ways to weaken environmental laws in order to facilitate fossil fuel mining and other development on public lands. Through this conference, the BLM apparently intended to promote fossil fuel production at the expense of environmental review and protection and

1

to the detriment of public health. This prioritization undermines protection of the climate, human and environmental health, fish and wildlife, and public lands.

3. In its second FOIA request, Guardians sought records relating to the BLM's suggestion that FOIA should be limited. The BLM apparently intends to reduce transparency and shield its actions from public view. This is contrary to the letter and purpose of FOIA and to the public's right to know what actions the government is taking.

4. Contrary to FOIA, the BLM failed to make determinations on Guardians' two FOIA requests (collectively "Conference FOIA Requests") within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the BLM has violated FOIA, directing the BLM to make determinations on Guardians' Conference FOIA Requests, and compelling the BLM to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform their duty).

6. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

7. This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**PARTIES**

9.      Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 183,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

10.     Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, the media, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil

actions, and generally to ensure that federal agencies comply with federal environmental laws.

11. Guardians, its staff, and one or more of its members are directly injured by the BLM's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

12. Defendant United States Bureau of Land Management ("BLM") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the BLM with the duty to provide public access to records in its possession. The BLM has possession of the records sought by Guardians. The BLM is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

13. FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

14. Guardians submitted two separate FOIA requests to the BLM on October 5, 2017.

### I.   September 21, 2017, Conference FOIA Request

15. On October 5, 2017, Guardians submitted a FOIA request to the BLM. Guardians' FOIA request was for "(1) Any and all records related in any way to the September 21, 2017 conference referred to in the [referenced October 5, 2017] *Washington Post* article; and (2) Any and all records documenting, discussing, and/or

describing any documentation of compliance with the Federal Advisory Committee Act ("FACA") . . ., in relation to the September 21, 2017 conference."

16. On November 20, 2017, Guardians received confirmation from the BLM that it received Guardians' FOIA request and that it was processing the request. The BLM assigned the number "2018-00209" to the request.

17. The BLM stated that it would be placing the request under the "Voluminous" processing track. 43 C.F.R. § 2.15.

18. Having received no further communications from the BLM related to its FOIA request, on November 28, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its request.

19. On December 14, 2017, the FOIA Officer responded to Guardians' inquiry via email.

20. More than 52 days have passed since Guardians submitted FOIA request number 2018-00209 to the BLM.

21. To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' October 5, 2017, FOIA request, or disclosed records responsive to its request.

22. Guardians has fully exhausted its administrative remedies for FOIA request number 2018-00209. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## II. FOIA Alteration Proposal FOIA Request

23. On October 5, 2017, Guardians submitted another FOIA request to the BLM. Guardians' second FOIA request was for "(1) Any and all records documenting, discussing, and/or describing any efforts, plans, proposals, initiatives, actions, and/or communications related in any way to the idea of limiting the number of FOIA requests that are allowed to be filed and/or that will be received by the BLM. (2) Any and all records documenting, discussing, and/or describing in any way the idea of reforming and/or revising the way FOIA is implemented in any regard. This includes any records documenting, discussing, and/or describing any effort(s) to advance legislative changes to FOIA, rule changes related to FOIA, policy and/or guidance changes, and/or changes to the way FOIA is generally implemented on a day-to-day basis. (3) Any and all records documenting, discussing, and/or describing the basis for the BLM's conclusion that it is 'overwhelmed' by FOIA requests."

24. On November 8, 2017, Guardians received confirmation from the BLM that it received Guardians' FOIA request and that it was processing the request. The BLM assigned the number "2018-00167" to the request.

25. The BLM stated that it would be placing the request under the "Complex" processing track. 43 C.F.R. § 2.15.

26. Having received no further communications related to its FOIA request, on November 29, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its request.

27.     Having received no further communications related to its FOIA request, on December 6, 2017, Guardians sent another email to the BLM FOIA Officer inquiring about the status of its request.

28.     Having received no further communications related to its FOIA request, on December 14, 2017, Guardians sent a further email to the BLM FOIA Officer inquiring about the status of its request.

29.     More than 52 days have passed since Guardians submitted FOIA request number 2018-00167 to the BLM.

30.     To date, the BLM has not responded to Guardians' November 29, 2017, email, responded to Guardians' December 6, 2017, email, responded to Guardians' December 14, 2017, email, communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' October 5, 2017, FOIA request, or disclosed records responsive to its request.

31.     Guardians has fully exhausted its administrative remedies for FOIA request number 2018-00167. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## FIRST CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request Number 2018-00209 Within the Statutory Time Frame**

32.     Guardians incorporates all the allegations in this complaint by this reference.

33.     The BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the FOIA request, or its reasons for

withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

34. This failure to make a determination on Guardians' FOIA request number 2018-00209 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

**35.** Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request Number 2018-00167 Within the Statutory Time Frame**

36. Guardians incorporates all the allegations in this complaint by this reference.

37. The BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the FOIA request, or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

38. This failure to make a determination on Guardians' FOIA request number 2018-00167 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

39. Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A. Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in FOIA request number 2018-00209;

B.     Order the BLM to make a determination on Guardians' FOIA request number 2018-00209 and to provide Guardians with all wrongfully withheld records;

C.     Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in FOIA request number 2018-00167;

D.     Order the BLM to make a determination on Guardians' FOIA request number 2018-00167 and to provide Guardians with all wrongfully withheld records;

E.     Maintain jurisdiction over this action until the BLM complies with FOIA and every order of this Court;

F.     Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

G.     Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 21st day of December, 2017,

/s/ Stuart Wilcox
Stuart Wilcox (Bar No. CO0062)
WildEarth Guardians
2590 Walnut Street
Denver, CO 80205
(720) 331-0385
swilcox@wildearthguardians.org

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org